FILED
SUPERIOR COURT
OF GUAM

2018 APR -2 AM 9: 28

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TOMMY J.Q. AFAISEN,<br><br>                Petitioner,<br><br>vs.<br><br>ALBERTO ANTHONY LAMORENA V,<br>Director - Department of Corrections,<br><br>                Respondent. | SPECIAL PROCEEDINGS<br>CASE NO. SP0002-18<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Vernon P. Perez on February 16, 2018, for hearing on Petitioner Tommy J.Q. Afaisen's ("Afaisen") Motion for Appointment of Counsel. Petitioner was present and appeared *pro se*. Assistant Attorney General J. Basil O'Mallan III was present on behalf of Respondent Alberto Anthony Lamorena, Director – Department of Corrections, in his individual capacity ("Respondent"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

In *People v. Afaisen*, Superior Court of Guam Case No. CF0626-14, Afaisen was found guilty by a jury of his peers to: (1) two counts of Attempted Murder (As a First Degree Felony), with two counts of a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony; (2) two counts of Aggravated Assault (As a Second Degree Felony), with two counts of a Special Allegation of Possession and Use of a Deadly Weapon in the

Commission of a Felony; (3) Robbery (As a Second Degree Felony), with a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony; (4) Theft of a Motor Vehicle (As a Second Degree Felony); and (5) Terrorizing (As a Third Degree Felony), with a Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony. Afaisen was sentenced to ten (10) years imprisonment for each count of Attempted Murder, concurrent to all charges except the special allegation charges; ten (10) years imprisonment for Robbery, concurrent to all charges except special allegation charges; and five (5) years imprisonment for Theft of a Motor Vehicle, concurrent to all charges except special allegation charges. Afaisen was sentenced to five (5) years imprisonment, consecutive to all charges, for each of the special allegation charges associated with Attempted Murder and Robbery. Sentencing for each count of Aggravated Assault and their associated special allegation charges merged with the sentence imposed for Attempted Murder, and sentencing for the charge of Terrorizing and its associated special allegation merged with the sentence imposed for Robbery. Thus, Afaisen was sentenced to twenty-five (25) years imprisonment in total.

The matter subsequently went on appeal, and the Supreme Court of Guam affirmed the Attempted Murder convictions and sentences, finding that Afaisen's protection against double jeopardy was not violated when he was convicted for two attempted murders and related special allegations as a result of firing multiple shots in the general direction of two police officers, but reversed the Theft of a Motor Vehicle conviction and vacated the corresponding sentence, finding that his protection against double jeopardy was violated when he was convicted and sentenced for both Theft of a Motor Vehicle and Robbery. *See People v. Afaisen*, 2016 Guam 31.

On remand, the Trial Court dismissed the Theft of a Motor Vehicle charge on April 17, 2017. After the dismissal, Afaisen's sentence remained at twenty-five (25) years imprisonment.

On January 5, 2018, Defendant filed a Petition for Writ of Habeas Corpus, requesting for "further scrutinization" of the Supreme Court of Guam's Opinion regarding the Double Jeopardy Clause. *See generally*, Petition, Jan. 5, 2018.

On January 17, 2018, Defendant filed a Notice and Motion for Appointment of Counsel, requesting the Court appoint him counsel because he cannot afford counsel on his own, and receives no legal assistance. On January 25, 2018, the People of Guam filed a Response to Motion for Appointment of Counsel on behalf of Respondent.

## DISCUSSION

The Local Rules of the Superior Court of Guam provide that the Court is mandated to appoint counsel in certain settings, and has the discretion to do so in other settings. The Court *shall* appoint counsel for a person financially unable to obtain adequate representation who is "entitled to appointment of counsel under the Sixth Amendment to the United States Constitution, or facing loss of liberty and Guam law, the United States Constitution, or the applicable provision of the Organic Act, require the appointment of counsel." (Misc. R. 1.1.1(a)(4)). The Court *may* appoint counsel for a person who is financially unable to obtain representation who is "seeking collateral relief from a judgment in a criminal matter" or "a person whose rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel." (Misc. R. 1.1.1(b)(2)-(3)).

The Court finds that Afaisen does not have a mandatory right to counsel in this matter. "There is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (citation omitted). "Although the federal Constitution requires that counsel be appointed for indigent criminal defendants when a conviction results in imprisonment, this requirement does not extend, as a federal constitutional matter, to postconviction collateral attacks on a conviction or sentence in state or federal court." *Habeas Corpus Resource Center vs. U.S. Dept. of Justice*, 816 F.3d 1241, 1244 (citing *Alabama v. Shelton*, 535 U.S. 654, 661-62 (2002) and *Pennsylvania v. Finley*, 481 U.S. 551, 555-59 (1987)).

The Court, may, however, use its discretion in appointing counsel for Afaisen if it believes his rights may be substantially infringed absent legal representation.

> In deciding whether to appoint counsel in a *habeas* proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the

petitioner to articulate his claims *pro se* in the light of the complexity of the legal issues involved. These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them.

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (internal citations omitted).

In this case, Afaisen brings forth his Petition for Habeas Corpus alleging double jeopardy violations as to his two convictions for Attempted Murder and their associated special allegations. *See generally*, Petition, Jan. 5, 2018. Afaisen states that although the Supreme Court of Guam reversed in part one of his convictions, it "did little to nothing" as his sentence remained at 25 years. *See id.* at 3. Afaisen states he "cannot be content with the opinion of the Supreme Court of Guam decisions with a partial ruling of the Constitutional Violation with Petitioners Double Jeopardy Clause under the Fifth Amendment. *Id.* at 5. Afaisen also references a denial of his Motion to Reduce Sentence in the criminal matter, after the matter was remanded back to the Trial Court. *Id.* at 3.

The People, in response to Afaisen's Motion for Appointment of Counsel, argue that the double jeopardy arguments relating to multiple punishments in the criminal mater were already addressed extensively "both by the trial court granting Afaisen's motion to have several of the charges merge prior to his original sentencing, and by the Supreme Court of Guam" in his appeal. (Resp. at 4-5).

The Court is inclined to agree, and does not find that Afaisen's rights may be substantially infringed absent legal representation. Afaisen brings forth legal issues in his Petition that have already been appealed before the Supreme Court of Guam with the assistance of counsel. Thus, in the interest of judicial economy and finality, the Court will not appoint counsel for Afaisen in this matter, and DENIES the Motion for Appointment of Counsel.

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Motion for Appointment of Counsel. Further Proceedings are set for ___APR 2 7 2018___ at 9:30 a.m.

IT IS SO ORDERED this _2nd_ day of April, 2018.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG-Prosecutor
ATTY. B. O'Mallan III
Date: 4/2/18  Time: 10:10
Linda Perez
Deputy Clerk, Superior Court of Guam

RECEIVED FOR SERVICE:
TIME: 1130am
DATE: 4/2/18

INITIAL: DS
MARSHAL, SCOG

*Afaisen v. Lamorena*
Case No. SP0002-18
Decision and Order